IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08-CR-50013 |
| vs. ) | |
| ) | |
| ROBERT S. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO THE UNITED STATES' RESPONSE TO THE MOTION TO DISMISS COUNT II OF THE INDICTMENT**

NOW COMES the defendant, ROBERT S. JOHNSON, by his attorneys, SREENAN & CAIN, P.C., RANDY WILT, and for his reply asserts as follows, that:

The Department of Natural Resources possesses the authority to administer and enforce the Illinois Wildlife Code and does so within Title 17 of the Illinois Administrative Code. 520 ILCS 5/1.4. No other state agency is given any power or authority under the provisions of the Wildlife Code. Title 8 of the Illinois Administrative Code, referred to by the United States, was not promulgated under the Wildlife Code, or even under the authority of the Department of Natural Resources. It is under the authority of the Department of Agriculture, a separate agency. *See* 20 ILCS 5/5-15; 20 ILCS 205/205-1 et seq; 20 ILCS 801/1-1 et seq. The Department of Agriculture does not have the authority to regulate Illinois wildlife. Authority for the specific regulation cited by the government is given by the Illinois Diseased Animals Act, which allows for rules and regulations related to contagious or infectious diseases. *See* 510 ILCS 50/1 et seq. Presumably, elk are covered by this law as "wild animals in captivity." 510 ILCS 50/1.

The Department of Agriculture, having authority to regulate elk as a wild animal in captivity, can possibly require that those elk comply with the Illinois Wildlife Code. However, the inverse is not true; the Department of Agriculture cannot require that the Wildlife Code apply to those elk. An agency does not have the power to amend state law– its power is strictly limited to that granted in its enabling statute and any action which exceeds that power is void. Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559 (1944); People ex rel. Illinois Highway Transp. Co. v. Biggs, 402 Ill. 401, 84 N.E.2d 372 (1949); Sangamon County Sheriff's Dept. v. State Human Rights Com'n, 375 Ill.App.3d 834, 875 N.E.2d 10 (4th Dist. 2007). The Illinois Wildlife Code applies only to wildlife and it is not within the authority of the Illinois Department of Agriculture to apply it otherwise.

The "catch-all" provision of the Wildlife Code states that "[i]t shall be unlawful for any person to bring into the State of Illinois for the purpose of holding, releasing, propagating, or selling any living wild animal, not covered by this Act, without first obtaining a permit from the Director." 520 ILCS 5/2.2. First, it is important to note that this excerpt specifically refers to "wild" animals; that is, "not domesticated, living unconfined in a state of nature." 520 ILCS 5/1.2s. The United States cites no authority for their parenthetical assertion that "Director" refers to the Director of the Department of Agriculture. "Director," as used in this Act, means the Director of Natural Resources. 520 ILCS 5/1.2e. Construction of this provision to mean the Director of Agriculture is certainly not required by the language of the Act, and would in fact be illogical.[1]

---

[1] Additionally, the Department of Agriculture itself does not claim to administer any portion of the Wildlife Code. http://www.agr.state.il.us/Laws/index.html (last viewed August 28, 2008).

An indictment must state the elements of the charged offense in a manner that fairly informs the defendant of the nature of the charge so that he may prepare a defense. U.S. v. Ramsey, 406 F.3d 426 (7th Cir. 2005). Failure to do so renders it invalid. U.S. v. Wabaunsee, 528 F.2d 1 (7th Cir. 1975); *see also* Fed. R. Crim. Pro 7(c)(1)(An indictment must state "the essential facts constituting the offense charged."). The Lacey Act could conceivably implicate hundreds of pages of laws and regulations; however, the indictment alleges that the elk were transported in violation of 520 ILCS 5/2.2. A defendant cannot be left to guess whether the government may ultimately allege violation of regulations promulgated by the Department of Agriculture or some other agency. Because no violation of 520 ILCS 5/2.2 could have occurred under the undisputed facts, the indictment fails to state or charge an offense and must be dismissed under Rules 7(c)(1) and 12(b)(3)(B).

WHEREFORE, the defendant, ROBERT S. JOHNSON, prays this Court enter an order dismissing Count II of the Indictment, and for such other and further relief as this Court deems just and proper.

ROBERT S. JOHNSON, Defendant,


By    S/                  
RANDY WILT, Attorney at Law

*Prepared by:*
RANDY WILT #3127828
SREENAN & CAIN, P.C.
321 West State Street, Suite 700
Rockford, IL 61101
(815) 962-5490